THE UNITED STATES OF AMERICA,

          Plaintiff,

v.

HOROY, INC. d/b/a ACROSS TOWN MOVERS and DANIEL E. HOMAN,

          Defendants.

Case No.: 15-CV-00592-LAB-BLM

**CONSENT ORDER**

## CONSENT ORDER

## I.  INTRODUCTION

1.      This Consent Order resolves the allegations contained in the United States' Complaint that Defendants Horoy, Inc. d/b/a Across Town Movers ("ATM") and  Daniel E. Homan (collectively "Defendants") violated the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App. §§ 501-597b, when they engaged in a pattern or practice of enforcing storage liens without court orders on the personal property of SCRA-protected servicemembers,[1] including Navy Master Chief Thomas E. Ward, during, or 90 days subsequent to, their periods of military service.

---

[1] For purposes of this Consent Order, the term "SCRA-protected servicemember" includes servicemembers as defined in 50 U.S.C. App. §§ 511(1) and (2) and 516.

2.     Defendant ATM is a California corporation located within this district, with a principal place of business at 468 E. Mission Road, San Marcos, California 92069.

3.     Defendant Daniel E. Homan is the President of Horoy, Inc. d/b/a Across Town Movers.

4.     The parties agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. App. § 597(a).

5.     The parties agree that, to avoid costly and protracted litigation, the claims against Defendants should be resolved without further proceedings or an evidentiary hearing.  Therefore, as indicated by the signatures appearing below, the United States and Defendants agree to the entry of this Consent Order.

6.     The effective date of this Consent Order will be the date on which it is approved and entered by the Court.

It is hereby ORDERED, ADJUDGED, and DECREED:

## II. INJUNCTIVE RELIEF[2]

7.     Defendants, their officers, employees, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with Defendants (including contractors and vendors) are hereby enjoined from enforcing storage liens on the personal property of SCRA-protected servicemembers without a court order, during, or 90 days subsequent to, the servicemember's military service.

## III. COMPLIANCE WITH THE SCRA
## AND SCRA POLICIES AND PROCEDURES

8.     Within 30 calendar days of the effective date of this Consent Order, Defendants shall develop SCRA Policies and Procedures for Enforcing Storage Liens in compliance with 50 U.S.C. App. § 537.  These policies and procedures must include the following:

   a.     In addition to any other reviews Defendants may perform to assess eligibility under the SCRA, before enforcing a storage lien through auctioning stored goods, Defendants will attempt to determine whether the customer is a servicemember who is in a period of military service or within 90 days thereafter by:

   (1) reviewing any military service information (including

---

[2] Nothing in this Consent Order shall preclude Defendants from offering greater protections to servicemembers than those afforded by the Consent Order or the SCRA.

orders) it has received and (2) searching the publicly available Department of Defense Manpower Data Center ("DMDC") for evidence of SCRA eligibility by either (a) last name and social security number or (b) last name and date of birth.[3]

b. If Defendants find, as part of the review required before enforcing a storage lien, that the customer is a servicemember in military service or within 90 days thereafter, Defendants (or their agents, including contractors and vendors) shall not enforce a storage lien without first obtaining a court order allowing them to do so.

c. If Defendants pursue a storage lien action in court and the SCRA-protected customer fails to answer the action, before seeking default judgment, Defendants will file an affidavit of military service with the court as required by 50 U.S.C. App. § 521(b)(1)(A) stating that "the defendant is in military service" or "was in military service at the time of default" and attach the most recent military status report from the DMDC or a copy of the military orders to the affidavit.

---

[3] Defendants may also request SCRA certificates of service by sending correspondence to the appropriate military office.

d.      If Defendants initiate and pursue a waiver under a written agreement as provided in 50 U.S.C. App. § 517, Defendants must initiate the waiver process with the servicemember at least 30 calendar days in advance of enforcing any anticipated storage lien by sending a notice and a copy of the proposed waiver to the servicemember.  To the extent Defendants exercise this right, Defendants shall use a notice in the form attached as Exhibit A**.**

9.    No later than 30 calendar days after the effective date of this Consent Order, Defendants shall provide a copy of the proposed SCRA Policies and Procedures required under Paragraph 8 to counsel for the United States.[4]  The United States shall respond to Defendants' proposed SCRA Policies and Procedures within 45 calendar days of receipt.  If the United States objects to any part of Defendants' SCRA Policies and Procedures described in Paragraph 8, the parties shall confer to resolve their differences.  If the parties cannot resolve their differences after good faith efforts to do so, any party may bring the dispute to this Court

---

[4] All materials required by this Consent Order to be sent to counsel for the United States shall be sent by commercial overnight delivery addressed as follows: U.S. Attorney's Office, Civil Division, 880 Front Street, Room 6293, San Diego, CA 92101, Attn: Lori Padilla USAO 2013CV00235.

for resolution.  Defendants shall implement the SCRA Policies and Procedures within ten (10) calendar days of approval by the United States or the Court.

10. If, at any time during the term of this Consent Order, Defendants propose to materially change their SCRA Policies and Procedures described herein, they shall first provide a copy of the proposed changes to counsel for the United States.  If the United States does not deliver written objections to Defendants within forty-five (45) calendar days of receiving the proposed changes, the changes may be implemented.  If the United States makes any objections to the proposed changes within the 45-day period, the specific changes to which the United States objects shall not be implemented until the objections are resolved pursuant to the process described in Paragraph 9.

## IV. TRAINING

11. Defendants shall provide SCRA compliance training to any management officials or other employees who enforce storage liens or are involved in enforcing storage liens (hereinafter "covered employees") within forty-five (45) calendar days after Defendants' new training program is approved by the United States or the Court pursuant

to Paragraph 13.  Defendants shall provide to each covered employee: (a) training on the terms of the SCRA specific to the employee's responsibilities associated with that employee's position; (b) training on the terms of Defendants' SCRA Policies and Procedures (both those required pursuant to Paragraph 8, and all others adopted by Defendants) specific to the employee's responsibilities associated with that employee's position; and (c) training on the terms of this Consent Order specific to the employee's responsibilities associated with that employee's position and his or her responsibilities and obligations under the SCRA.  Defendants shall also follow these training procedures for each of their employees who subsequently become a covered employee within thirty (30) calendar days of his or her hiring, promotion, or transfer.

12.   During the term of this Consent Order, Defendants shall provide annual SCRA training, with the same content as described in Paragraph 11, to covered employees with respect to their responsibilities and obligations under the SCRA, the SCRA Policies and Procedures, and the terms of this Consent Order.

13.   Within forty-five (45) calendar days of the United States' approval of the SCRA Policies and Procedures pursuant to Paragraph 8, Defendants

shall provide to the United States the curriculum, instructions, and any written material included in the training required by Paragraphs 11 and 12.  The United States shall have forty-five (45) calendar days from receipt of these documents to raise any objections to Defendants' training materials, and, if it raises any, the parties shall confer to resolve their differences.  In the event they are unable to do so, either party may bring the dispute to this Court for resolution.

14.   The covered employees may undergo the training required by Paragraphs 11 and 12 via live training, computer-based training, web-based training, or via interactive digital media.  If the training is conducted in any format other than live training, Defendants shall ensure that covered employees have the opportunity to have their questions answered by a company contact that Defendants identify as having SCRA expertise within two business days of the training.  Any expenses associated with the training program required by Paragraphs 11 and 12 shall be borne by Defendants.

15.   Defendants shall secure a signed statement in the form attached as Exhibit B[5] from each covered employee at the training required by

---

[5] The electronic signature of a covered employee shall be deemed satisfactory for purposes of verifying completion of the training required under this Consent Order.

Paragraphs 11 and 12 acknowledging that he or she has received, read, and understands the Consent Order and the SCRA Policies and Procedures specific to the employee's responsibilities associated with storage liens, has had the opportunity to have his or her questions about these documents answered, and agrees to abide by them.  For the duration of this Consent Order, copies of those signed statements shall be provided to the United States upon request.  Defendants shall also certify in writing to counsel for the United States that the covered employees successfully completed the training required by Paragraphs 11 and 12.

## V.  COMPENSATION FOR AGGRIEVED SERVICEMEMBERS

### A. <u>Compensation for Master Chief Thomas E. Ward</u>

16. Within fifteen (15) calendar days of the effective date of this Consent Order, Defendants shall pay Master Chief Thomas E. Ward $150,000.00 in monetary damages.  Defendants shall pay this amount by sending to counsel for the United States a certified check for $150,000.00 payable to Thomas E. Ward.

17. Master Chief Ward shall not receive the check until the United States has received from Master Chief Ward the signed release at Exhibit C-3. When counsel for the United States has received the check from the

Defendants payable to Thomas E. Ward and the signed release in the form of Exhibit C-3 from Master Chief Ward, counsel for the United States shall deliver the check to Master Chief Ward and the original signed release to Defendants.

**B. Compensation for Remaining Aggrieved Servicemembers**

18.   In addition to compensating Master Chief Ward, Defendants will compensate the other persons whom the United States has determined to be victims of Defendants' actions in violation of the SCRA ("aggrieved persons"), as described in Paragraphs 20-21.  Within ten (10) days of notification by the United States that a release(s) has been received from an aggrieved person, Defendants shall deliver to counsel for the United States a certified check payable to the aggrieved person in the amounts described in Paragraph 21.

19.   When counsel for the United States has received a check from Defendants payable to an aggrieved person and a signed release in the form of Exhibit C-3 from that aggrieved person, counsel for the United States shall simultaneously deliver the check to the aggrieved person and the original signed release to counsel for Defendants.  No aggrieved person shall be paid until he or she has signed and delivered to counsel for the United States a release in the form set forth in Exhibit C-3.

20.     The United States has reviewed the files of all customers who had their goods auctioned between September 23, 2008 and the effective date of this Consent Order and has determined that Defendants enforced storage liens against 9[6] additional servicemembers' in violation of the SCRA.  The names of these aggrieved persons are provided in Exhibit D.

21.     For those storage liens identified pursuant to Paragraph 20, Defendants shall compensate the aggrieved persons who sign the Declaration at Exhibit C-2 and the Release at Exhibit C-3 by issuing a certified check with:

  a.     an amount of $200.00 to each of Benjamin Chester-Bristow and Miguel Padilla;

  b.     an amount of $1,500.00 to Veronica Johnson;

  c.     an amount of $3,000.00 to each aggrieved person other than those identified in Paragraph 21.a and 21.b or the value of the aggrieved person's goods, if the aggrieved person can document goods at a value greater than $3,000.00.[7]

---

[6] This does not include Master Chief Ward, whose compensation is provided separately in Paragraphs 16 and 17.

[7] Any figure greater than $3,000.00 shall be determined by the United States.  In the event Defendants object to the United States' valuation of the goods, Defendants shall be afforded thirty (30) calendar days to object and request a value determination from the Court.

### C.  <u>General Provisions Regarding Compensation</u>

22.     For storage liens identified pursuant to Paragraph 20, the United States shall notify each identified aggrieved person by letter (using Exhibit C-1 or a modified version mutually agreeable to Defendants and the United States) within sixty (60) calendar days of the effective date of this Consent Order.  All letters mailed pursuant to this Paragraph shall be accompanied by the Declaration at Exhibit C-2 and the Release at Exhibit C-3.  The United States will attempt to redeliver any letter that is returned as undeliverable.

23.     Defendants shall report any uncashed checks in accordance with state unclaimed property laws.

24.     Defendants will not be entitled to a set-off, or any other reduction, of the amount of compensation payments required by Paragraph 21 because of any debts owed by the recipient.  Defendants also will not refuse to make a payment based on a release of legal claims made prior to the entry of this Consent Order or an arbitration agreement.

25.     No individual may obtain review by the Court of the identifications made, and payments disbursed, pursuant to Paragraphs 18-24.

## VI. OTHER RELIEF

26.     Defendant has represented that he has not reported nor taken any action that would cause to be reported, any information related to Master Chief Ward and the other aggrieved servicemembers to any of the three major credit bureaus.  If Master Chief Ward or the other aggrieved servicemembers report during the term of this Consent Order any credit issue relating to the storage liens at issue in this Consent Order, Defendant will request in writing that all three major credit bureaus delete trade lines for accounts belonging to the servicemembers, and Defendants shall not pursue, and must indemnify the servicemember against any third-party pursuing any deficiency that was remaining on the servicemember's storage contract after an auction was completed in violation of the SCRA.

## VII. ADDITIONAL REPORTING AND RECORD-KEEPING REQUIREMENTS

27.     For the duration of this Consent Order, Defendants shall retain all records relating to their obligations hereunder, including their records with respect to all storage lien auctions and all records relating to compliance activities as set forth herein.  The United States shall have

the right to review and copy any such records, including electronic data, upon reasonable request during the term of this Consent Order.

28. During the term of this Consent Order, Defendants shall notify counsel for the United States in writing every three months of receipt of any SCRA or military-related complaint.  Defendants shall provide a copy of any written complaints with the notifications.  Whether regarding a written or oral SCRA complaint, the notification to the United States shall include the full details of the complaint, including the complainant's name, address, and telephone number.  Defendants shall also promptly provide the United States all information it may request concerning any such complaint and shall inform the United States in writing within thirty (30) calendar days of the terms of any resolution of such complaint.  If the United States raises any objections to Defendants' actions, the parties shall meet and confer to consider appropriate steps to address the concerns raised by the United States' review.  If the parties are unable to come to an agreement regarding such objections or concerns, any party may bring the dispute to this Court for resolution.

## VIII. SCOPE OF CONSENT ORDER

29.     The provisions of this Consent Order shall apply to Defendants and any
of their subsidiaries, predecessors, acquired companies, or successors.
It shall also apply to the officers, employees, agents, representatives,
assigns, successors-in-interest, and all persons and entities in active
concert or participation with all of those entities.

30.     In the event that Defendants are acquired by or merge with another
entity, Defendants shall, as a condition of such acquisition or merger,
obtain the written agreement of the acquiring or surviving entity to be
bound by any obligations remaining under this Consent Order for the
remaining term of this Consent Order.

31.     This Consent Order does not release claims for practices not addressed
in the Complaint's allegations, and it does not resolve and release
claims other than claims for violations of 50 U.S.C. App. § 537 that
may be brought by the United States with respect to Master Chief Ward
and the aggrieved servicemembers.  This Consent Order does not
release any claims that may be held or are currently under investigation
by any other federal agency.

32.     Nothing in this Consent Order will excuse Defendants' compliance with
any currently or subsequently effective provision of law or order of a

regulator with authority over Defendants that imposes additional obligations on it.

33.     The parties agree that, as of the effective date of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described above.  To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold.  Nothing in this Paragraph relieves any party of any other obligations imposed by this Consent Order.

## IX. MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

34.     Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the parties.

35.     The parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 36.

36.     The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a failure by Defendants, whether willful or otherwise, to

perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may have been occasioned by Defendants' violation or failure to perform.

## X.  RETENTION OF JURISDICTION

37.    The Magistrate Judge shall retain jurisdiction over all disputes between and among the parties arising out of the Consent Order, including but not limited to interpretation and enforcement of the terms of the Consent Order.

38.    This Consent Order shall be in effect for a period of three (3) years from its date of entry, after which time this case shall be dismissed with prejudice.  The United States may move the Court to extend the duration of this Consent Order in the interests of justice.

IT IS SO ORDERED:

This 15th day of May, 2015.


_____

HONORABLE LARRY A. BURNS

UNITED STATES DISTRICT JUDGE

By their signatures below, the parties consent to the entry of this Consent Order.


For the United States:

LAURA E. DUFFY                          ERIC H. HOLDER, JR.
United States Attorney                  Attorney General
Southern District of California

_____                     VANITA GUPTA
                                        Principal Deputy Assistant Attorney
DYLAN M. ASTE                           General
LESLIE M. GARDNER                       Civil Rights Division
Assistant U.S. Attorneys
United States Attorneys' Office         STEVEN H. ROSENBAUM
Southern District of California         Chief
880 Front Street, Room 6293             Housing and Civil Enforcement Section
San Diego, CA 92101                     Civil Rights Division
Tel: (619) 546-7621
Fax: (619) 546-7751
Email: Dylan.Aste@usdoj.gov             _____
                                        ELIZABETH A. SINGER
                                        Director, U.S. Attorneys' Fair Housing
For Defendants:                         Program
                                        Housing and Civil Enforcement Section
_____             Civil Rights Division

ALAN K. BRUBAKER

Wingert Grebing Brubaker & Juskie

LLP

600 West Broadway, Suite 1200

San Diego, CA 92101

Tel.: (619) 232-8151

Fax: (619) 232-4665

Email: abrubaker@wingertlaw.com

<u>EXHIBIT A</u>

<u>PROPOSED NOTICE AND WAIVER</u>

**IMPORTANT NOTICE AFFECTING MILITARY SERVICEMEMBERS**

**WAIVER OF RIGHTS AND PROTECTIONS AFFORDED UNDER THE
SERVICEMEMBERS CIVIL RELIEF ACT**

Attached to this notice you will find a waiver of rights and protections that may be applicable to you and your dependents pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501, *et seq*. (the "SCRA"). The SCRA provides military personnel and their dependents with a wide range of legal and financial protections. Among other benefits and protections, the SCRA:

- May prohibit the enforcement of a storage lien without a court order.
- May, in a court action, give the servicemember the right to postpone the case under certain conditions.

If you choose to sign the attached waiver, Across Town Movers will have the option to proceed with enforcing a storage lien without the protections of the SCRA. If you do not sign this waiver, Across Town Movers will be required to provide you the protections of the SCRA. Additionally, if Across Town Movers takes you to court to enforce a storage lien and sell your stored goods, the court may take steps to ensure that a judgment is not entered against you if you are unable to appear due to your military service.

**Before waiving these important statutory rights, you should consult an attorney regarding how best to exercise your rights or whether it is in your interest to waive these rights under the conditions offered by Across Town Movers.**

**For More Information:**

- CONSULT AN ATTORNEY: To fully understand your rights under the law, and before waiving your rights, you should consult an attorney.
- JAG/LEGAL ASSISTANCE: Servicemembers and their dependents with

questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer.  A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php.

- MILITARY ONESOURCE: "Military OneSource" is the U.S. Department of Defense's information resource.  Go to http://www.militaryonesource.com.

## EXHIBIT B

## EMPLOYEE ACKNOWLEDGMENT

I acknowledge that on _____ _____, 20__, I was provided training regarding SCRA compliance, a copy of the Consent Order entered by the Court in *United States v. Horoy, Inc., et al.*, Case No. 15-CV-00592-LAB-BLM (S.D. Cal.), and copies of Across Town Mover's SCRA Policies and Procedures which are applicable to my duties.  I have read and understand these documents and have had my questions about these documents and the SCRA answered.  I understand my legal responsibilities and shall comply with those responsibilities.


_____
[PRINT NAME]


_____
[SIGNATURE]


_____
[JOB TITLE]

<u>EXHIBIT C-1</u>

**NOTICE AND DECLARATION**

Dear [CUSTOMER'S NAME]:

Across Town Movers recently entered into a settlement with the United States Department of Justice regarding alleged violations of the Servicemembers Civil Relief Act ("SCRA").  In connection with this settlement, you have been identified as a person who may have been eligible for SCRA protection when your goods were auctioned without a court order.

Please read and, if you choose to take part in this settlement, carefully complete the enclosed declaration and release.  Once complete, please sign and return to us the enclosed declaration and release in the postage paid envelope.  After we receive these documents, we will review your account.  You will receive a response either in the form of a check or a letter explaining why you are not eligible for protection under the SCRA.

You should be aware that any money you are eligible to receive may have consequences with respect to your federal, state, or local tax liability, as well as eligibility for any public assistance benefits you may receive.  Neither Across Town Movers nor the Department of Justice can advise you on tax liability or any effect on public assistance benefits.  You may wish to consult with a qualified individual or organization about any possible tax or other consequences resulting from your receipt of this payment.

If you have any questions concerning the declaration, release, or settlement, please contact the United States Attorney's Office at (619) 546-7632.

We deeply appreciate your service to our country.  We are committed to serving the financial needs of our customers who serve in the military, and we regret any error that may have occurred on your account.

Sincerely,


Across Town Movers
Enclosures

EXHIBIT C-2

**DECLARATION**

I, [INSERT NAME], do hereby declare and state as follows:

1.     I stored my goods in a storage unit(s) Across Town Movers, Lot Number [LOAN NUMBER] that was auctioned.

2.     I placed my goods in storage on or about [DATE].

3.     On or about [AUCTION DATE], I was, or within the past 90 days had been, in one of the following types of military service:

   a)     Full-time active duty with the armed forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard);

   b)     A period of active service with the National Guard: i) authorized by the President or the Secretary of Defense; ii) longer than thirty (30) consecutive days; iii) under orders issued under Section 502(f) of Title 32 of the United States Code; and iv) for the purpose of  responding to a national emergency declared by the President and supported by federal funds;

   c)     Active service as a commissioned officer of the Public Health Service or the National Oceanic and Atmospheric Administration;

   d)     A period of time during which I was a servicemember absent from duty on account of sickness, wounds, leave, or other lawful cause; or

   e)     A member of a reserve component who had received orders to report for one of the forms of military service listed above.

4.     Please consider the following additional information in support of this
Declaration:

_____

_____

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20__.

SIGNATURE:

_____

PRINT NAME:

_____

If you have any additional questions about this declaration, please contact the
United States Attorney's Office at (619) 546-7632.

EXHIBIT C-3

**RELEASE**

In consideration for the parties' agreement to the terms of the Consent Order entered by the United States District Court for the Southern District of California in *United States v. Horoy, Inc., et al.*, Case No. 15-CV-00592-LAB-BLM (S.D. Cal.), and Across Town Movers' payment to me of $_____, I, [SERVICEMEMBER'S NAME], hereby release and forever discharge all claims, arising prior to the date of this Release, related to the facts at issue in the litigation referenced above and related to the alleged violation of Section 537 of the Servicemembers Civil Relief Act, that I may have against Across Town Movers and all related entities, parents, predecessors, successors, subsidiaries, and affiliates and all of their past and present directors, officers, agents manager, supervisors, shareholders, and employees and their heirs, executors, administrators, successors or assigns.

Executed this _____ day of _____, 20__.

SIGNATURE:

_____

PRINT NAME:

_____

<u>EXHIBIT D</u>

**AGGRIEVED PERSONS**

1.  Richardson, Darnell

2.  Davis, Randall

3.  Brimmer, Mathew

4.  Sandiford, Glenford

5.  Hightower, Anthony

6.  Deltoro, Andrew

7.  Johnson, Veronica

8.  Chester-Bristow, Benjamin

9.  Padilla, Miguel